IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                          Criminal No.  2:20-cr-383

MAKSIM BOIKO

**INFORMATION MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, along with Charles A. Eberle and Brian M. Czarnecki, Assistant United States Attorneys for said District, and Michael Parker, Trial Attorney with the Money Laundering and Asset Forfeiture Section, and submits this Information Memorandum to the Court:

## I.  THE INFORMATION

A one-count information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|-------|--------------|---------------|
| 1 | Conspiracy to commit money laundering. 2016 - October 2019 | 18 U.S.C. § 1956(h) |

## II.  ELEMENTS OF THE OFFENSE

### A.      As to Count 1:

In order for the crime of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

      1.      That a conspiracy to launder money, as charged in the Information, was entered into by two or more people.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

      2.      That the defendant knew the purpose of the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

      3.      That the defendant deliberately joined the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h); Whitfield v. United States, 543 U.S. 209 (2005) ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

## III.  PENALTIES

**A.  As to Count 1: Conspiracy to commit money laundering (18 U.S.C. § 1956(h)):**

      1.      A term of imprisonment of not more than twenty (20) years;

      2.      A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; and

      3.      If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of not more than three (3) years (18 U.S.C. § 3583).

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.  RESTITUTION

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI.  FORFEITURE

The Information contains a Forfeiture Allegation.


Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*s/Charles A. Eberle*
CHARLES A. EBERLE
Assistant U.S. Attorney
PA ID No. 80782

*s/Brian M. Czarnecki*
BRIAN M. CZARNECKI
Assistant U.S. Attorney
DC ID No. 1047275

*s/Michael T. Parker*
MICHAEL T. PARKER
MLARS Trial Attorney
NY ID No. 5164280