

U.S. Department of Justice

*United States Attorney*
*Western District of Pennsylvania*

---

Joseph F. Weis Jr. U.S. Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania 15219        412 644-3500

December 8, 2020

Arkady Bukh, Esquire
Bukh Law Firm, PLLC
1123 Avenue Z
Brooklyn, NY 11235

Re:   United States of America v.
      Maksim Boiko
      Criminal No. 20-383

Dear Mr. Bukh:

This letter sets forth the agreement by which your client, Maksim Boiko, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Maksim Boiko and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Maksim Boiko will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq, and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Maksim Boiko, agrees to the following:

        1.    He will waive prosecution by indictment and enter a plea of guilty to Count One of the Information (a copy of which is attached as Exhibit A) at Criminal No. 20-383, charging him with violating 18 U.S.C. § 1956(h), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

        2.    He will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664, to the victims and/or other

```
LIMITED OFFICIAL
      USE
```

    persons or parties authorized by law in such amounts as the Court shall direct.

3. He will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. § 982(a)(1), including but not limited to the following: (a) one white iPhone bearing IMIE: 359257063377678; (b) one black iPhone bearing serial number: DNPVMNVJJCL8; and (c) one Apple laptop computer bearing serial number C02W19XPHV2L.

4. He acknowledges that the above-described property was involved in the commission of the offense set forth in Count One of the Information.

5. He acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number and he herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

6. He agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein and pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

7. At the time Maksim Boiko enters his plea of guilty, he will deposit a special assessment of $100 in the form of cash, check, or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

8. Maksim Boiko recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences, including denaturalization if the defendant is a naturalized citizen, are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his

conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

9. Maksim Boiko waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Maksim Boiko may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Maksim Boiko may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Maksim Boiko in the offense charged in the Information and of any other matters relevant to the imposition of a fair and just sentence.

2. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

    3. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Maksim Boiko and the United States Attorney further understand and agree to the following:

    1. The penalty that may be imposed upon Maksim Boiko is:

        (a) A term of imprisonment of not more than 20 years;

        (b) A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater;

        (c) A term of supervised release of not more than 3 years;

        (d) A special assessment under 18 U.S.C. § 3013 of $100; and

        (e) Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664.

    2. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

    3. Because the offense of conviction was part of a conspiracy of criminal activity, restitution is not limited to the offense of conviction. The Court may order that restitution be paid to any victim, person, or party directly harmed by Maksim Boiko's criminal conduct in the course of the conspiracy.

    4. The parties stipulate and agree to the following: under U.S.S.G. § 2S1.1(a)(2), the base offense level is 8. The base offense level is increased by 10 levels under § 2B1.1(b)(1)(F) because the amount of intended loss is more than $150,000. The offense level is further increased by 2 levels under § 2S1.1(b)(2)(B) because the defendant was convicted under 18 U.S.C. § 1956. Following a 3-level reduction for timely acceptance of responsibility under § 3E1.1, the parties stipulate that the final offense level is 17. This stipulation represents the parties' best understanding on the basis of the information available as of the date of this agreement. This stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

    5. This agreement does not preclude the government from pursuing any civil or administrative remedies against Maksim Boiko or his property.

6. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Maksim Boiko and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

SCOTT W. BRADY
United States Attorney

I have received this letter from my attorney, Arkady Bukh, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

MAKSIM BOIKO

12/14/2020
Date

Witnessed by:

ARKADY BUKH, ESQUIRE
Counsel for Maksim Boiko