ARKADY BUKH
Bukh Law Firm, PLLC
1123 Avenue Z
Brooklyn, NY 11235
Phone: (718) 376-4766
Fax: (718) 376-3033
Email: honorable@usa.com
Attorneys for MAKSIM BOIKO

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 2:20CR00383-001 |
| Plaintiff, | ) | |
| | ) | ELECTRONICALLY FILED |
| v. | ) | |
| | ) | |
| MAKSIM BOIKO, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATION OF MOVANT TO BE RELIEVED AS COUNSEL FOR MAKSIM BOIKO

Arkady Bukh., an attorney duly admitted Pro Hac Vice to practice law before this this court, attorney for Defendant MAKSIM BOIKO, hereby affirms and certify the following to be true under penalty of perjury:

1. I currently represent Defendant MAKSIM BOIKO in the above captioned matter, District Case Number 2:20CR00383-001. I make this Certification in support of my motion to be relieved as MAKSIM BOIKO's counsel.

2. I seek to be relieved as Counsel for Mr. Boiko for the following reasons:

a. irreparable breakdown in the attorney-client relationships;

      b.      client's failure to pay attorney's fees.

      3.      Pursuant to Local Rule LCvR 83.2.C.4, and LCrR 5(E), I respectfully request to be relieved as Mr. Boiko's counsel in this matter.

      4.      Under Rule 1.16 of Pennsylvania Rules of Professional Conduct, "a lawyer may withdraw from representing a client if (1) withdrawal can be accomplished without material adverse effect on the interests of the client; . . . (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; . . . (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or, (7) other good cause for withdrawal exists."

      5.      It should be noted that the withdrawal is also warranted under New York law, the state of admission of the members of Bukh Law Firm and its main office. Specifically, NEW YORK RULES OF PROFESSIONAL CONDUCT, RULE 1.16 states that **"a lawyer may withdraw from representing a client when . . . (5) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees; . . . (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."**

      6.      Under New York law, the general rule is that an attorney may terminate the attorney-client relationship "at any time for a good and sufficient cause and upon reasonable notice." Matter of Dunn, 205 N.Y. 398, 403 (1912); Green v. Gaspari 24 A.D.3d 505, 808 N.Y.S.2d 292 (2d Dep't 2005).

7. A lawyer is allowed "to withdraw from representing a client if the client, by his or her conduct, renders it unreasonably difficult for the lawyer to carry out employment effectively. The courts of New York routinely grant motions to withdraw as counsel on the ground of a breakdown in the attorney-client relationships. See, e.g., Misek-Falkoff v. Metropolitan Tr. Auth., 65 A.D.3d 576, 883 N.Y.S.2d 722 (2d Dep't 2009); Weiss v Spitzer, 46 A.D.3d 675, 848 N.Y.S.2d 237 (2d Dep't 2007); Winters v. Winters, 25 A.D.3d 601, 807 N.Y.S.2d 302 (2d Dep't 2006); Kay v. Kay, 245 A.D.2d 549, 666 N.Y.S.2d 728 (2d Dep't 1997); Galvano v. Galvano, 193 A.D.2d 779, 598 N.Y.S.2d 268 (2d Dep't 1993); Stephen Eldridge Realty Corp. v. Green, 174 A.D.2d 564, 570 N.Y.S.2d 677 (2d Dep't 1991). Attorneys should not be placed in a trap of having to continue representing a client who refuses to cooperate or assist or even communicate with the attorney." Dillon v. Otis Elevator Co. et al, 22 A.D.3d 1, 800 N.Y.S.2d 385 (1st Dep't 2005).

8. Moreover, "[t]his includes irreconcilable differences between the attorney and the client with respect to the course to be pursued in litigation." Winters v. Rise Steel Erection Corp., 231 A.D.2d 626, 647 N.Y.S.2d 962 (2d Dep't 1996); Walker v. Mount Vernon Hosp., 5 A.D.3d 590, 772 N.Y.S.2d 832 (2d Dep't 2004) ; Charles Lake v. M.P.C. Trucking, Inc., 279 A.D.2d 813, 718 N.Y.S.2d 903 (3rd Dep't 2001); Wachovia Mtge. FSB v. Akpinar, 2012 N.Y. Misc. LEXIS 790, *40-41, 2012 NY Slip Op 30412(U), 13 (N.Y. Sup. Ct. Feb. 14, 2012).

9. Additionally, according to the New York Rules of Professional conduct, the lawyer may withdraw from representation when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." 22 N.Y.C.C.R. 1200.0, Rule 1.16(c)(7).

10. Finally, the courts of New York routinely grant motions to withdraw as counsel on the grounds of nonpayment of legal fees and/or a breakdown in the attorney-client relationship. See, e.g., Misek-Falkoff v. Metropolitan Tr. Auth., 65 A.D.3d 576, 883 N.Y.S.2d 722 (2d Dep't 2009); Weiss v Spitzer, 46 A.D.3d 675, 848 N.Y.S.2d 237 (2d Dep't 2007); Winters v. Winters, 25 A.D.3d 601, 807 N.Y.S.2d 302 (2d Dep't 2006); Kay v. Kay, 245 A.D.2d 549, 666 N.Y.S.2d 728 (2d Dep't 1997); Galvano v. Galvano, 193 A.D.2d 779, 598 N.Y.S.2d 268 (2d Dep't 1993); Stephen Eldridge Realty Corp. v. Green, 174 A.D.2d 564, 570 N.Y.S.2d 677 (2d Dep't 1991).

11. Similarly, at this stage of litigation, there will not be any prejudice to the Government or disruption to an existing case schedule. See Winkfield v. Kirschenbaum & Philllips, P.C., 2013 WL 371673, at *1 (S.D.N.Y. Jan 29, 2013) (when a case is not "on the verge of trial readiness, withdrawal of counsel is unlikely to cause either prejudice or such substantial disruption to the proceedings as to warrant a denial of leave to withdraw"). Courts have frequently granted motions to withdraw from cases at much later stages of litigation. See, e.g., D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc., 2006 WL 1676485, at *1-2 (S.D.N.Y. June 16, 2006)(granting counsel's motion to withdraw due to fact that trial was months away); Spadola v. New York City Trans. Auth., 2002 WL 59423 at *1 (S.D.N.Y. Jan 16, 2002)(allowing counsel to withdraw where client "would not be unduly prejudiced by his counsel's withdrawal at this state of litigation.").

12. Here, the withdrawal request should be granted since there is an irreparable breakdown in the attorney-client relationships between my firm and Mr. Boiko, and he failed to pay his attorney's fees despite multiple warnings. Moreover, since the client just recently pled guilty and the sentencing is scheduled for April 8, 2021, there will not be any

prejudice to the Government or disruption to an existing case schedule. Therefore, I respectfully request to be relieved as Mr. Boiko's counsel in this matter.

13. Please note that Mr. Boiko was informed about my firm's intent and reasons to withdraw as his counsel in this matter. While the firm has tried in good faith to obtain his contract information to serve him with this motion, he refused to either accept it via text message or provide the firm his current address or email. As such, the firm was not able to serve Mr. Boiko with this motion.

I, Arkady Bukh, hereby certify that the information contained herein is accurate and true to the best of my knowledge and belief. I understand that if any statement made by me is willfully false, I am subject to punishment.

Dated: January 19, 2021　　　　　　　　　　　　Respectfully Submitted,

/s/ Arkady Bukh

Counsel for the Defendant
Bukh Law Firm, PLLC
1123 Avenue Z
Brooklyn, NY 11235