UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITES STATES OF AMERICA | ] | CASE NO: 2:20 CR 00383 |
| | ] | |
| PLAINTIFF | ] | JUDGE M. HORAN |
| | ] | |
| V. | ] | |
| | ] | |
| MAKSIM BOIKO | ] | |
| | ] | |
| DEFENDANT | ] | |

**DEFENDANT'S SENTENCING NOTES**

Now comes Maxim Boiko, by and through undersigned counsel, and submits to this Honorable Court the following few notes for its consideration prior and during the sentencing scheduled for December 20, 2021 and while considering departure and variance. Since the Court has yet to determine the applicable guideline range, it is not known whether that determination will contain a "departure". A guideline departure refers to the imposition of a sentence outside the advisory guideline range, or the assignment of a criminal history category, different than the one contemplated by the guidelines, to result in a sentence outside the advisory guideline range. U.S.S.G. § 1B1.1 (E). Importantly, a departure results from a district court's application of a particular guidelines provision. *United States v. Smith*, 474 F.3d 888, 896(n)(3) (6th Cir. 2007). Depending on the Court's determination on the Sentencing Guidelines, this Defendant will seek a "variance" from the advisory guideline range. A variance refers to the imposition of a sentence outside of the advisory guidelines range based on this Court's weighing of one or more of the sentencing factors of 18 U.S.C. § 3553(a). *United States v. Smith*, 474 F.3d 888 (6th Cir. 2007). And while it is certainly true that the same facts and analysis can, at times, be used jointly to justify a guidelines departure <u>and</u> a variance, the concepts are distinct.

1. At the outset, it should be noted that this Defendant continues to accept responsibility. In offering these notes, the Defendant in no way minimizes his conduct, however, he is hopeful that this Honorable Court fashions a sentence no greater than necessary to effectuate the goals of sentencing under 18 U.S.C. §3553(a).

2. Defendant is 31 years old with no prior criminal record.

3. Defendant suffers from Type I diabetes, uses insulin daily (PSI 50) and requires ongoing medical supervision.

4. He is married with one minor child.

5. He was arrested on March 27, 2020.

6. He waived being charged by the indictment and plead guilty to single count of Conspiracy to Commit Money Laundering (18USC 1956(h)) in the Western District of Pennsylvania on December 17, 2020.

7. He previously waived being charged by indictment and plead guilty to single count of Conspiracy to Commit Money Laundering (18USC 1956(h)) in the District of New Jersey on December 9, 2020. Case No: 0312 2:20CR1053-1. Honorable William J. Martini Presiding. Sentencing is scheduled for January 11, 2022.

8. Government in the above referenced cases cooperated extensively to coordinate between the Federal Districts.

9. Defendant failed to request (move for) Transfer for Plea and Sentence in this matter to consolidate the proceedings in said cases pursuant to Rule 20 of the Federal Rules of Criminal Procedure with the proceedings in District of New Jersey.

10. There is no restitution owed in this case (PSI 25, 67) or in NJ case.

11. Reading of the indictment provides in the totality of circumstances this Defendant was never an organizer nor a leader of the criminal activity, but was a minimal participant

who never benefited nor was an intended beneficiary of the illicit proceeds, as such eligible for USSG 3B1.2 consideration.

12. Since December 2020, this Defendant is on bond. He is fully compliant with the terms.

13. He is engaged in English as Second Language course of study.

14. He intends to return to school, raise his child and contribute to the society.

The challenge here is how to adequately punish Maxim, while the conditions and consequences of his punishment should not be so severe or so enduring as to destroy his chance for better future with his family. In fact, his punishment should be a step towards new and bright possibilities in the future. For the reasons explained above and such additional considerations as may emerge at the sentencing hearing, defendant requests this Court, to sentence Maxim Boiko in a manner sufficient, but not greater than necessary to comply with the factors contained in 18 U.S.C. §3553.

Respectfully submitted,

/s/  Alek El-Kamhawy
**ALEK  EL-KAMHAWY (0071845)**
Counsel for the Defendant
**14837 Detroit Avenue, #227**
**Lakewood, Ohio 44107**
**(216) 701-9465**
**(216) 712-7037**
**alek.kamhawy@gmail.com**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                                */s/ Alek El-Kamhawy*
                                                **Alek El-Kamhawy**